# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEXANDER RADUNSTEV, | ) | Case No. ED CV 26-00969 FMO (ACCV) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| KRISTI NOEM, <u>et al.</u>, | ) | |
| Respondents. | ) | |

On March 17, 2026, the court granted petitioner's application for a preliminary injunction and ordered respondents to release petitioner forthwith. (Dkt. 13, Court's Order of March 17, 2026, at 8). Petitioner was released on March 18, 2026. (Dkt. 14, Respondents' Notice of Compliance at 1). On March 24, 2026, the parties filed a joint status report outlining their respective positions on the issues that remain to be decided in the underlying Petition. (<u>See</u> Dkt. 16, Joint Status Report at 1-2). Respondents filed their Answer to the Petition on March 31, 2026, (Dkt. 17, Respondents' Answer ("Answer")), and petitioner filed his traverse, or Reply, on April 3, 2026. (Dkt. 19, Petitioner's Reply to Respondents' Answer ("Reply")). In both the Joint Status Report and their Answer, respondents assert that the case is moot due to petitioner's release.[1]

---

[1] Respondents do not offer any other arguments why the court should deny the Petition. (<u>See</u>, generally, Dkt. 17, Answer).

(Dkt. 16, Joint Status Report at 1-2); (Dkt. 17, Answer at 1-3).  In his Reply, petitioner contends that the case is not moot merely because he has been released.  (See Dkt. 19, Reply at 2-6).  The court agrees, particularly in light of the risk of petitioner's re-detention.[2]  (See id. at 6); see, e.g., Cruz v. Lyons, 2025 WL 3443146, *2 (C.D. Cal. 2025) ("Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve.  A habeas petition is not moot where preliminary relief is not made permanent."); Im v. Semaia, 2026 WL 183856, *1 (C.D. Cal. 2026) ("If the Petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.").

Nor have respondents provided any assurances that petitioner will not be re-detained without due process protections.  (See, generally, Dkt. 17, Answer); see, e.g., M.V.F. v. Santacruz, 2026 WL 127740, *3 (C.D. Cal. 2026) ("Petitioner here . . . has legitimate reason to believe that his future detention is likely.  And Respondents cite no change in detention practices that support a finding that a future detention would abide by the procedural requirements that Petitioner alleges were not met.  To that end, the likelihood of future harm to Petitioner, absent a preliminary injunction and a final disposition in his favor, is neither remote nor ephemeral.").  In other words, respondents have failed to demonstrate that "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (internal quotation marks omitted).  "Accordingly, because Petitioner faces a threat of unlawful re-detention absent permanent injunctive relief, the Petition continues to present concrete, collateral consequence that may be redressed." Im, 2026 WL 183856, at *1.

---

[2]  Respondents cite the court's order in Hernandez Trujillo v. Janecka, 2026 WL 84314, *1 (C.D. Cal. 2026), as authority that this case is moot.  (See Dkt. 17, Answer at 2).  But in that case, petitioner was challenging his extended detention awaiting removal under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), which became moot once the court ordered his release under 8 U.S.C. § 1231(a)(3).  But here, unlike Hernandez Trujillo, petitioner is not challenging his extended detention but rather the possibility of re-detention without certain procedural safeguards.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted in part** as set forth in this Order.  The Petition is granted as to petitioner's procedural due process claim.[3]

2. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge.  Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

3.  Judgment shall be entered accordingly.

Dated this 15th day of April, 2026.

                                                  /s/
                                        Fernando M. Olguin
                                        United States District Judge

---

[3]  Because the resolution of petitioner's procedural due process claim provides the requested relief, the court need not reach his substantive due process or unreasonable seizure claims.

3